AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Alameda, CA 94501
Telephone:  510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
JOSEPH SALAMONE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SALAMONE,<br><br>    Plaintiff,<br><br>    v.<br><br>RED OAK ENTERPRISES,<br><br>    Defendant. | CASE NO. 2:25-cv-6287<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1) Violation of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.*)<br><br>2) Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*)<br><br>3) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*)<br><br>4) Violation of the California Unruh Act (Civil Code § 51(b))<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff JOSEPH SALAMONE complains of Defendant RED OAK ENTERPRISES, and alleges as follows:

1.     **INTRODUCTION:** Plaintiff JOSEPH SALAMONE bring this action against RED OAK ENTERPRISES, the owner and operator of leasing operation based in Los Angeles, California, ("Red Oak") alleging discrimination on the basis of disability in violation of the Federal Fair Housing Act, 42 U.S.C. §

1  3601, et seq., and related state laws.

2      2.      On or about February 17, 2025, Plaintiff contacted Defendant regarding the possibility of leasing a furnished apartment it had listed on furnishedfinders.com. Plaintiff informed Defendant that he had a service dog who would be living with him in the apartment. Defendant told Plaintiff that in order to have his service dog accompany him during his tenancy at any apartment they leased, he would need to provide a "certification" proving his dog's status as a service dog and a note from his doctor confirming the tasks his dog is trained to perform for him.

3.      The U.S. Department of Housing and Urban Development (HUD) has provided guidance to housing providers on how to handle a tenant/prospective tenant's request for accommodation to allow a service animal to live with them in their home. This guidance states, in part,

> The FHA requires housing providers to modify or make exceptions to policies governing animals when it may be necessary to permit persons with disabilities to utilize animals. Because HUD interprets the FHA to require access for individuals who use service animals, housing providers should initially follow the analysis that DOJ has determined is used for assessing whether an animal is a service animal under the ADA.
>
> …
>
> As a best practice, housing providers may use the following questions to help them determine if an animal is a service animal under the ADA:
>
> 1. Is the animal a dog?
>
>   ➢ If "yes," proceed to the next question.
>
>   ➢ If "no," the animal is not a service animal but may be another `type of assistance animal for which a reasonable accommodation is needed. Proceed to Part II below.

2. Is it readily apparent that the dog is trained to do work or perform tasks for the benefit of an individual with a disability?

➢ If "yes," further inquiries are unnecessary and inappropriate because the animal is a service animal.

➢ If "no," proceed to the next question.

…

3. It is advisable for the housing provider to limit its inquiries to the following two questions:

➢ The housing provider may ask in substance: (1) "Is the animal required because of a disability?" and (2) "What work or task has the animal been trained to perform?" *Do not ask about the nature or extent of the person's disability, and do not ask for documentation.* A housing provider, at its discretion, may make the truth and accuracy of information provided during the process part of the representations made by the tenant under a lease or similar housing agreement to the extent that the lease or agreement requires the truth and accuracy of other material information.

➢ If the answer to question (1) is "yes" and work or a task is identified in response to question (2), grant the requested accommodation, if otherwise reasonable, because the animal qualifies as a service animal.

➢ If the answer to either question is "no" or "none," the animal does not qualify as a service animal under federal law but may be a support animal or other type of assistance animal that needs to be accommodated. HUD offers guidance to housing providers on this in Part II.

https://www.hud.gov/sites/dfiles/PA/documents/HUDAsstAnimalNC1-28-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1 | 2020.pdf at p. 6-7 (citations omitted).(emphasis added).

2 |     4.    Defendant's refusal to engage in discussion around Plaintiff's
3 | requested accommodation has caused him significant stress, difficulty, and
4 | discomfort.  Due to Defendant's unwillingness to allow Plaintiff

5 |     5.    Plaintiff seeks an injunction compelling Defendant to grant his
6 | reasonable accommodation request so that he can fully use the services of Red
7 | Oak to find furnished apartments in the future. He requests that Defendant provide
8 | him with services that are substantially equal to that of other tenants who use Red
9 | Oak to locate furnished apartments and to change its policies to provide
10 | reasonable accommodations to disabled tenants; damages for the injuries Plaintiff
11 | has suffered and will continue to suffer until Defendant changes its discriminatory
12 | behavior; and attorney's fees, litigation expenses, and costs as provided by statute.

13 |     6.    **JURISDICTION:**  This Court has jurisdiction of this action
14 | pursuant to 28 U.S.C. section 1331 for violations of the Fair Housing Act, 42
15 | U.S.C. sections 3601 *et seq*.  This Court has jurisdiction over the pendent state-
16 | law claims brought under California law pursuant to 28 U.S.C. section 1367.

17 |     7.    **VENUE:**  Venue is proper in this court pursuant to 28 U.S.C.
18 | section 1391(b) and is founded on the fact that the real property which is the
19 | subject of this action is in this district and that Plaintiff's causes of action arose in
20 | this district.

21 |     8.    **INTRADISTRICT:**  This case should be assigned to the Western
22 | intradistrict as the real property which is the subject of this action is in this
23 | intradistrict and Plaintiff's causes of action arose in this intradistrict.

24 |     9.    **PARTIES:**  Plaintiff JOSEPH SALAMONE is a "person with a
25 | disability" or "physically handicapped person." He suffers from supraventricular
26 | tachycardia ("SVT") and severe panic disorder. The comorbid conditions can
27 | result in elevated heart rate, fainting, fear of death, hyperventilation, pacing, and
28 | flushing.  Plaintiff's disability substantially limits several major life activities

1  including his ability to go out in public, maintain relationships with others, his
2  ability to work, and his ability to think clearly.  Plaintiff is and at all relevant
3  times was a "handicapped person" as defined by 42 U.S.C. section 3602, and a
4  "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California
5  Government Code section 12926, the Unruh Civil Rights Act, California Civil
6  Code section 51, the Disabled Persons Act, California Civil Code section 54.1,
7  and Civil Code section 3345.
8      10.   Plaintiff relies upon his service dog, a Maltese poodle named
9  "Cammi," to alert him of the onset of symptoms and to alert him to take
10 medication to alleviate those symptoms.  At the onset of symptoms, Cammi
11 approaches Plaintiff and paws at him in order to alert him that he needs to calm
12 down.  If Plaintiff is unable to calm himself quickly, Cammi is trained to alert him
13 to take medication.  She does this by going to where the medication is kept or
14 pawing at the pocket in Plaintiff's backpack where the medication is kept and
15 letting out a single bark.  Plaintiff personally trained Cammi to assist him with the
16 task she performs.  Plaintiff is a qualified person with a disability as defined under
17 federal and state law.
18     11.   Defendant RED OAK ENTERPRISES, is a full-service leasing
19 operation. Which according to its website, "cover[s] everything from marketing
20 and showings to application updates, contact with landlords/managers, negotiating
21 leasing terms, and more! We work with a wide variety of owners and property
22 management companies to help pair you with the right apartment!"
23 https://redoakprop.com/faqs/#hfaq-post-19421. Defendant lists properties for rent
24 on its website (including many furnished apartment options). Prospective tenants
25 can then apply for tenancy at the apartments directly through Defendant's
26 website.  Defendant then vets those applications so that landlords only receive
27 "qualified tenants." https://redoakprop.com/landlords/.  The units listed by
28 Defendant are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. §

1  3602(b), a housing accommodation under FEHA, Government Code § 12927(d),
2  and the Disabled Persons Act, Civil Code § 54.1(b)(2), and Defendant is a
3  business establishment under the Unruh Act, Civil Code § 51.

4    12.   **FACTUAL STATEMENT:** When he is able to work, Plaintiff
5  works as a contract nurse.  Plaintiff enjoys moving around and exploring new
6  neighborhoods, so he looks for positions all over Southern California on nurse-
7  finder.  Once he accepts a nursing job, Plaintiff then looks for furnished housing
8  accommodations which allow for a month-to-month lease nearby. Plaintiff has
9  found that Defendant lists and leases a high proportion of the furnished
10 apartments available for a month-to-month lease in the Los Angeles area.

11   13.   In addition to listing rental units on their own website, Defendant
12 also lists some of its furnished apartments on the website furnishedfinder.com. In
13 February of 2025, Plaintiff was looking at several places listed by Defendant in
14 the Los Angeles area.

15   14.   On or about February 17, 2025, Plaintiff spoke with two of
16 Defendant's employees, including someone named "Mendi" who identified
17 himself as a manager.  Plaintiff informed Defendant's employees that he was
18 interested in applying for one of their furnished rentals listed on
19 furnishedfinders.com. He also informed Defendant's employees that he would be
20 accompanied by his service dog while he lived at the unit. Defendant's employees
21 both told Plaintiff that he would need to provide certain paperwork proving that
22 his dog is a service or pay an extra "pet fee" for his dog in order to rent the unit.

23   15.   Defendant's manager told Plaintiff that he would need a "service
24 animal certificate" and a note from his doctor in order to avoid the pet fee.
25 Defendant's manager also told Plaintiff that he would nee paperwork, "proving
26 the service animal's training for a specific task" and a letter "from a doctor
27 backing it up" or he could pay the pet fee and deposit.

28   16.   Plaintiff told Defendant's employee that he had never been required

1 to show a "certification" or a letter from his doctor regarding his service dog for
2 any housing he had leased previously. Defendant's employee suggested that he go
3 through "USA Service Dogs" to get a certification for his service dog.  However,
4 the law is clear that there are no legitimate certification or registration documents
5 for service dogs.  In an ADA context, the Department of justice has issued the
6 following guidance:

7  **Q17. Does the ADA require that service animals be certified as**
8  **service animals?**
9  **A**. No.  Covered entities may not require documentation, such as proof
10  that the animal has been certified, trained, or licensed as a service
11  animal, as a condition for entry.
12  **There are individuals and organizations that sell service animal**
13  **certification or registration documents online. These documents**
14  **do not convey any rights under the ADA and the Department of**
15  **Justice does not recognize them as proof that the dog is a service**
16  **animal.**
17  **Frequently Asked Questions about Service Animals and the**
18  **ADA;   https://archive.ada.gov/regs2010/service_animal_qa.pdf.**
19  **Page 4, Question 17.** This guidance is entitled to deference and the
20  9th Circuit has specifically held certification is not required. *C. L. v.*
21  *Del Amo Hosp., Inc.*, 992 F.3d 901 (9th Cir. 2021).

22  17.   Just to be sure that he understood Defendant's employees'
23 statements, Plaintiff asked Mendi to text him the requirements leasing a unit from
24 Red Oak Enterprises with a service dog.  On February 17, 2025, Defendant's
25 representative texted the following:

26  To recap our conversation: Necessary documentation for the service
27  animal accommodation request, please provide a letter from your
28  healthcare provider confirming the need for the animal due to a

7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

disability. The letter should include the provider's contact info and a statement about how the animal helps with your disability.

18. Plaintiff does not have nor is he required to provide proof of certification of his service dog. Therefore, Plaintiff was unable to lease an apartment from Defendant.

19. Defendant's refusal to allow Plaintiff to rent an apartment with his service animal without providing a "certification" from his doctor caused Plaintiff stress and difficulty when he was searching for a short-term furnished rental in the Los Angeles Area. Plaintiff requested a reasonable accommodation to allow him to have his service dog live with him at one of Defendant's listings without having to provide paperwork or pay a fee for his service dog. Defendant continued to require paperwork which is contrary to the law and HUD guidelines.

20. As a result, Plaintiff has been forced to file this lawsuit to enforce his right to fair and equal access under the Federal Fair Housing Act and California law.

21. Defendant lists/leases many furnished units in Southern California, and Plaintiff is interested in leasing from them in the future. However, Plaintiff is unable to do so until Defendant changes its discriminatory policies to provide proper accommodations to persons with disabilities who use service dogs.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**(42 U.S.C. § 3601 *et seq.*)**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again below, the factual allegations contained in Paragraphs 1 through 21, above, and incorporates them here by reference as if separately repleaded hereafter.

23. Red Oak Enterprises is a leasing company which lists "dwellings" available "to rent" within the meaning of the Fair Housing Act (FHA). 42 U.S.C.A. § 3602. The dwellings listed to rent are in "covered multi family dwellings" under section 3604 (f)(7)(A).

24. Based on the above, Defendant has violated the protections afforded to Plaintiff under the FHA, including, but not limited to, the following:

    a. Failing and refusing to make reasonable accommodations in policies, programs, and procedures when such is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling.

25. Defendant had actual knowledge that Plaintiff is a person with a disability. Plaintiff affirmatively requested an accommodation including that he be allowed to rent one of Defendant's listing without the need to provide excessive documentation from his medical provider regarding his use of a service dog or pay the extra pet fee for the rental. Defendant refused or failed to respond to the request for accommodation.

26. Defendant maintains a pattern and practice of denying Plaintiff full and equal access to his dwelling by failure to maintain a proper policy for allowing residents to live with their service dogs in Red Oak's listed units, and failure to respond appropriately to requests for accommodation. 42 U.S.C.A. § 3604(f)(3).

27. For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
(*Cal. Government Code § 12955 et seq.*)

28. Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 27 of this Complaint and incorporates them here as if separately re-pleaded.

29. The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing. Gov.C. § 12955 *et seq.*

30. Red Oak Enterprises provides "housing accommodations" within the meaning of FEHA. Cal. Gov't Code § 12927.

31. Based on the above, Defendant has violated the protections of FEHA as follows:

    a. Failure to modify policies and practices to provide reasonable accommodations to Plaintiff, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their rental dwelling to the same extent as those without disabilities.

32. Based on the above, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### (Cal. Civ. Code § 54 *et seq*)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them here as if separately re-pleaded.

34. The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Civ.C. § 54.1(b)(1).

35. The subject apartment building is a housing accommodation under Civil Code section 54.1(b)(2). Plaintiff is a person with a disability within the meaning of the DPA.

36. For these reasons, Defendant has violated the DPA as follows:

a. Denying Plaintiff full and equal access to housing accommodations, (Civ.C. § 54.1(b)(1));

b. Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." (Civ.C. § 54.1(b)(3)(B)); and

c. Requiring excessive and illegal documentation for service dogs.

37. Plaintiff has suffered actual damage as a result of such failures which they allege stems from Defendant's knowing and intentional violation of his rights as a disabled person and a person associated with a disabled person under California Law.

38. Based on the above, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff request relief as outlined below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHT ACT**
**(Cal. Civ. Code § 51 *et seq.*)**

39. Plaintiff repleads and incorporates by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them here as if separately re-pleaded.

40. At all times mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41. Defendant is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

42. Defendant violated the Unruh Act by its acts and omissions, including, but not limited to, the following:

    a. Failure and refusal to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

    b. Requiring excessive and illegal documentation for service dogs.

43. Plaintiff is informed, believes and thereon alleges that Defendant's behavior, as alleged here, was intentional: Defendant was aware or was made aware of its duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing its facilities, before this Complaint was filed.

44. Defendant's refusal to provide disabled tenants who use service dogs with an accommodation of not paying a pet fee or requiring cumbersome and illegal paperwork to prove the status of service dogs in violation of the laws set forth above, demonstrates a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular. Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged here, unless Plaintiff is granted the relief he request. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff JOSEPH SALAMONE prays for judgment and the following specific relief against Defendant:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who fill out applications and request to lease an apartment through Red Oak Enterprises;

    c. To train Defendant's employees and agents in how to accommodate the rights and needs of disabled persons who use service dogs;

    d. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with disabilities who use service dogs;

2. Retain jurisdiction over the Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of here no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest under Civil Code section 3291; and

6. Grant any other relief that this Court may deem just and proper.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Date: July 10, 2025                                          CLEFTON DISABILITY LAW


       */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
JOSEPH SALAMONE

## JURY DEMAND

Plaintiffs demands a trial by jury for all claims for which a jury is permitted.

Date: July 10, 2025                                          CLEFTON DISABILITY LAW


       */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
JOSEPH SALAMONE